UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEON BURNS,

    Plaintiff,                                  Case Number 11-13815
                                                 Honorable Thomas L. Ludington

v.

CITY OF SAGINAW,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO FILE CIVIL MATERIALS UNDER SEAL AND CANCELING HEARING**

Leon Burns ("Plaintiff") is an employee of the Saginaw Police Department, who filed a lawsuit against the City of Saginaw ("Defendant"), which manages and operates the police department in Saginaw County, alleging claims for a hostile work environment and retaliation based on race in violation of Title VII of the Civil Rights Act of 1964 and Michigan's Elliot Larsen Civil Rights Act. Plaintiff alleges that he has suffered a number of adverse employment actions because of his race and in retaliation for reporting and making allegations of race discrimination and that he has been subjected to harassment because of his race.

Defendant contends that it has requested that Plaintiff undergo a psychiatric examination pursuant to Federal Rule of Civil Procedure 35 because Plaintiff alleges damages based on emotions distress, mental anguish, humiliation and destruction of his lifestyle, and has named treating physicians he intends to call was witnesses to testify that he has been diagnosed with a specific mental illness. ECF No. 15 at 1. Plaintiff also applied for disability due to Defendant's alleged harassment. *Id.* Plaintiff's counsel would not agree to a psychiatric examination without counsel being present at the exam, but Defendant would not agree to this condition because it believes

psychiatric examinations are easily tainted by third-party presence. ECF No. 18 Ex. 2.  As a result, Defendant intends to file a motion to compel a psychiatric examination, which Defendant anticipates will discuss Plaintiff's medical records and psychiatric conditions in detail and include medical records as exhibits.

Now before the Court is Defendant's motion to file civil materials under seal pursuant to Local Rule 5.3 because medical records and medical information are routinely allowed to be filed under seal.  *See, e.g.*, *Cary v. Leffler*, 2012 U.S. Dist. LEXIS 37160 (E.D. Mich. 2012). Plaintiff opposes Defendant's motion because he believes that there has been undue delay in obtaining an independent medical exam and because Defendant has not complied with the requirements under Rule 35(2)(B) in requesting the exam.  Whether the independent medical exam has been unduly delayed and whether Defendant has complied with Rule 35(2)(B)'s requirements are issues more properly addressed in response to Defendant's motion to compel the examination.

Accordingly, it is **ORDERED** that Defendant's motion to file civil materials under seal (ECF No. 15) is **GRANTED**.  Defendant shall be permitted to file the portions of its motion to compel, brief in support, and exhibits that discuss Plaintiff's medical records and psychiatric conditions under seal.

It is further **ORDERED** that the hearing scheduled for May 4, 2012 is **CANCELED** because oral argument will not aid in the disposition of the motion. E.D. Mich. L.R. 7.1(f)(2).

                                                           s/Thomas L. Ludington  
                                                           THOMAS L. LUDINGTON  
                                                           United States District Judge

Dated: May 1, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 1, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS