UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEON BURNS,

        Plaintiff,

v.

CITY OF SAGINAW,

        Defendant.

_____/

Case No. 11-13815
Honorable Thomas L. Ludington

**OPINION AND ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW, DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE, AND DIRECTING PLAINTIFF TO RESPOND**

Leon Burns engaged The Mastromarco Firm to represent him in this case. But after an unsuccessful facilitation meeting, counsel seeks to withdraw (citing "a breakdown in the attorney-client privilege, *see* Pl.'s Mot. 2, ECF No. 55). The motion will be granted. Further, the pending motion for summary judgment will be denied without prejudice, and Burns will be directed to inform the Court how he wishes to proceed.

**I**

On August 31, 2011, Burns (through The Mastromarco Firm) filed a complaint against the City of Saginaw (the City) alleging that it discriminated against him based on his race in violation of the Civil Rights Act of 1964 and Michigan's Elliot Larsen Civil Rights Act. *See* Pl.'s Compl. ¶¶ 25–57, ECF No. 1. Then, on November 28, 2012, the City filed a motion for summary judgment. *See* Def.'s Mot. Summ. J., ECF No. 40. A hearing on the motion was originally set for March 11, 2013.

On February 28, 2013, the hearing was reset for March 20, 2013. Then, a stipulated order staying dates was entered after the parties advised the Court they had scheduled facilitation with Judge James Rashid. The facilitation was to occur on March 28, 2013.

On April 1, the Court received correspondence from Judge Rashid indicating the parties were to "re-consider their positions based on the discussions held at our session and to reconvene on April 25, 2013." So the Court reset the hearing for June 5, 2013. *See* Apr. 9, 2013 Order, ECF No. 53. When the parties' schedules prevented a second meeting on April 25, and the facilitation was instead continued until July 1, 2013, the Court again reset the evidentiary hearing for July 16, 2013. *See* June 5, 2013 Order 2, ECF No. 54. The parties were also directed "to inform the Court of the outcome of the July 1, 2013 mediation no later than July 2, 2013." *Id*. (emphasis omitted).

Apparently, the parties were once again unable to proceed with facilitation, and The Mastromarco Firm has moved to withdraw because of "a breakdown in the attorney-client privilege[.]" Pl.'s Mot. 2.

Local Rule 83.25 provides that an attorney may withdraw only on order of the Court. E.D. Mich. LR 83.25(b)(2). According to the pertinent ethical rules:

[A] lawyer may withdraw from representing a client if:

\*   \*   \*   \*   \*

> (3)  the client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;
>
> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

   (6) other good cause for withdrawal exists.

Model Rules of Prof'l Conduct R. 1.16(b). The applicable commentary indicates that "[a] lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs, or an agreement limiting the objectives of the representation." The Sixth Circuit "embraces" these Model Rules "for guidance on attorney matters." *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009) (citing *Nat'l Union Fire Ins. Co. v. Alticor, Inc.*, 466 F.3d 456, 457 (6th Cir. 2006)). The Court finds the breakdown of privilege, which is central to the attorney-client relationship, as good cause to allow The Mastromarco Firm to withdraw from the case.

## II

So now Burns has two options: engage alternate counsel, or represent himself *pro se*. The Court will require notice of Burns's election within two weeks of the issuance of this Opinion and Order. To ensure that he receives this order, The Mastromarco Firm will be directed to serve a copy of this Opinion and Order on Burns, and then file a proof of service.

Because Burns is now without counsel, and the future of these proceedings is unknown, the City's motion for summary judgment will be denied without prejudice. If Burns engages new counsel, or decides to proceed on his own, the City may file a second motion for summary judgment no later than August 23, 2013.

## IV

Accordingly, it is **ORDERED** that The Mastromarco Firm's motion to withdraw, ECF Nos. 55, is **GRANTED**.

It is further **ORDERED** that the City's motion for summary judgment, ECF No. 40, is **DENIED** without prejudice.

It is further **ORDERED** that The Mastromarco Firm is **DIRECTED** to serve a copy of this Opinion and Order on Burns, and then file proof of service on the docket.

It is further **ORDERED** that Burns is **DIRECTED** to inform the clerk of court, by written correspondence, how he plans to proceed (whether with new counsel or on his own) no later than **July 29, 2013**.

If Burns decides to proceed, it is further **ORDERED** that the City may file a second motion for summary judgment by **August 23, 2013**.

Dated: July 15, 2013                                         s/Thomas L. Ludington
                                                             THOMAS L. LUDINGTON
                                                             United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 15, 2013.

                            s/Tracy A. Jacobs
                            TRACY A. JACOBS

---