UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEON BURNS,

    Plaintiff,                                         Case No. 11-13815
                                                       Honorable Thomas L. Ludington

v.

CITY OF SAGINAW,

    Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION, VACATING PORTIONS OF OPINION AND ORDER AND JUDGMENT, AND DISMISSING CLAIMS**

Leon Burns is an African-American police officer employed by the City of Saginaw (the City). On December 30, 2013, the Court granted the City's motion for summary judgment concerning Burns's claims that it tolerated and condoned a hostile work environment and then retaliated against him when he "complained of acts of racial discrimination and harassment in the workplace." Pl.'s Compl. ¶¶ 27–37, ECF No. 1. The Court's decision rested on the fact that Burns did not raise many of his claims before the Equal Employment Opportunity Commission (EEOC)—and concerning those claims that he had raised, Burns did not demonstrate that he was treated differently than similarly-situated individuals. Dec. 30 Op. & Order 9–13, 14–20, ECF No. 80.

Burns filed a motion for reconsideration of the Court's Opinion and Order on January 9, 2014. That motion will be granted in part and denied in part. As a result, portions of the Court's December 30, 2013 Opinion and Order, along with the subsequent judgment, will be vacated.

Burns's Title VII claims and his state law claims for retaliation will be dismissed with prejudice, while his other state law claims will be dismissed without prejudice.

I

Burns brings his motion for reconsideration pursuant to Local Rule 7.1. *See* Pl.'s Mot. Recon. 1, ECF No. 82. Rule 7.1(h) allows a party to bring a motion for rehearing or reconsideration "within 14 days after the entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). Such a motion must demonstrate not only "a palpable defect by which the court and the parties . . . have been misled," but also "that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "[M]otions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. *Id*.

II

Burns claims that the Court's Opinion granting the City's motion for summary judgment is flawed in three ways. First, he argues that it was a palpable defect to dismiss his state claim for hostile work environment, based on the failure to exhaust, because while "exhaustion is required to bring a Title VII claim, it is well-established that it is not required of a plaintiff to bring a claim under the Michigan Elliot-Larsen Civil Rights Act." Pl.'s Mot. Recon. 2–3. Next, Burns alleges that it was a palpable defect to dismiss his state law claim for race discrimination without considering relevant direct evidence. *Id*. at 4. Finally, Burns argues that the Court failed to analyze whether he could establish a prima facie case of retaliation, and therefore his retaliation claims should not be dismissed.

**A**

The Court will first address Burns's third claim of error, as it alone concerns his federal cause of action. Burns argues that the Court erred in dismissing his retaliation claims under Title VII and Michigan's Elliott Larsen Civil Rights Act. Pl.'s Mot. Recon. 6. And, as before, although Burns brings claims under both Title VII and Elliott Larsen, courts "review claims of alleged race discrimination brought under . . . the Elliot-Larsen Act under the same standards as claims of race discrimination brought under Title VII of the Civil Rights Act of 1964." *Jackson v. Quanex Corp.*, 191 F.3d 647, 658 (6th Cir. 1999) (collecting cases). So this issue will be analyzed only under Title VII.

Previously, the Court dismissed the six Title VII claims that Burns had raised before the EEOC because he did not demonstrate that he was treated differently than a similarly-situated individual. Dec. 30, 2013 Op. & Order 17. The Court assessed these claims under the prima facie elements set forth in *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359 (6th Cir. 2010), which require a showing that "a similarly-situated employee outside the protected class or classes was treated more favorably" than the plaintiff. *Id*. at 363 (citation omitted). But as Burns correctly points out, this set of prima facie elements apply to "a claim of discrimination" under Title VII, not necessarily a claim of retaliation. *Id*.

The Sixth Circuit does not require a plaintiff to demonstrate he was treated differently than similarly-situated employees in the context of a Title VII retaliation claim. In *Ladd v. Grand Trunk W. R.R., Inc.*, 552 F.3d 495 (6th Cir. 2009), the court established the following four elements to maintain a "claim for retaliation under Title VII": (1) a protected activity; (2) that the employer was aware of; (3) a subsequent adverse employment action; and (4) a causal relation

between the adverse action and the protected activity. *Id*. at 502. Notably, there is no requirement for similarly-situated individuals.

So dismissing Burns's retaliation claims because he had not demonstrated that he was treated differently than a similarly-situated party was error. So the question becomes: Will correcting that error lead to a different result? In short, no.

Because even if Burns can satisfy his prima facie burden for retaliation under Title VII, the Court must still apply the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Fuhr v. Hazel Park School Dist.*, 710 F.3d 668, 674 (6th Cir. 2013) ("Retaliation claims supported by circumstantial evidence are examined using the burden-shifting framework established in [*McDonnell Douglas*]."). Accordingly, once Burns satisfies his prima facie burden, "there is a presumption of discrimination, and the burden shifts to the defendant to rebut the presumption by providing evidence of a 'legitimate, nondiscriminatory' reason for the action taken." *Idemudia v. J.P. Morgan Chase*, 434 F. App'x 495, 501 (6th Cir. 2011) (citation omitted). If the City is able to satisfy this burden "with a legally sufficient explanation, the burden shifts back to the plaintiff to show that the defendant's proffered reasons were not its true reasons, but were a pretext for discrimination." *Id*. (internal quotation marks and citation omitted). Notably, "[t]hroughout this burden-shifting approach, the plaintiff continues to bear the ultimate burden of proving, by a preponderance of the evidence, the intent to discriminate." *Id*. (quoting *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006)).

The City asserts that there is a legitimate, nondiscriminatory explanation for each adverse action Burns was subjected to:

> In regards to the snowplow incident, [Burns] pled guilty to a criminal charge; as such, he is estopped from arguing that there was no factual basis. In regards to his termination, Mr. MacComber, an investigator for the State of Michigan, filed a complaint against [Burns] stating that the ticket issued was fraudulent. Mr.

> MacComber offered credible evidence that (1) he was not driving his personal vehicle on the day of the ticket and (2) that he was logged onto his work computer at the time the ticket was issued. As such, the City had a factual basis to believe that [Burns] had issued a fraudulent ticket. In regards to a denial of promotional opportunities, [Burns] admitted that he did not appear for the examination—a mandatory condition precedent. In regards to the suspension, [Burns] was suspended for violation of departmental policy after an independent investigation revealed violations. Lastly, in regards to the reassignment to a higher paying position, Chief Cliff testified that [Burns] was placed where there was the most need and because his prior position was already staffed.

Def.'s Resp. Recon. 16–17, ECF No. 84.

Burns can demonstrate that the City's proffered reasons were mere pretext "by establishing that the proffered reason[s]: 1) ha[ve] no basis in fact; 2) did not actually motivate the adverse action; or 3) w[ere] insufficient to motivate the adverse action." *Abbot v. Crown Motor Co., Inc.*, 348 F.3d 537, 542 (6th Cir. 2003) (citing *Manzer v. diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994)).

Of course, as indicated above, Burns bears the ultimate burden of proving the City's intent to discriminate, and so he must overcome the City's stated reasons for the adverse employment actions if his retaliation claims are to survive. In his motion for reconsideration, Burns stops short; he indicates that "there is a causal connection between [his] protected activity and the adverse employment action" taken against him, Pl.'s Mot. Recon. 7, but he does not address why the City's stated reasons are merely pretext for discrimination.

In his response to the City's motion for summary judgment, Burns did address the issue of pretext, suggesting that he could demonstrate the City's proffered reasons are pretextual. He first notes that "ample evidence has been submitted that [the City] and its decision makers are predisposed to discriminate against its African-American police officers on the basis of race." Pl.'s Resp. Summ. J. 22–23, ECF No. 73. But this "ample evidence," even if compelling, does not demonstrate that any of the City's proffered reasons in this case have no basis in fact or were

not the actual factors motivating the adverse decisions. Certainly the evidence that the City is predisposed to discriminate has nothing to do with whether its proffered reasons in a particular circumstance are insufficient to justify the adverse decision. Accordingly, this "ample evidence" does not carry Burns's burden of demonstrating pretext.

The only other evidence Burns advanced to show pretext is this: he argued that the City "seeks to justify the internal affairs investigations" against him with the assertion that "complaints were brought against" him. *Id*. 23. Burns indicates, however, that the City "breached its policies in the past when Chief Cliff made the decision not to investigate complaints against Caucasian officers." *Id*. Burns argues that this is evidence of "disparate treatment" that is "racially motivated," and therefore the City's motion "should be denied as it pertains to [his] discrimination and retaliation causes of action." *Id*.

Burns's assertion—that complaints against Caucasian officers for misconduct were treated differently than complaints against him for misconduct—is not sufficient, standing alone, to demonstrate that the City's reasons for terminating him are pretextual. In *Ladd*, the Sixth Circuit addressed a plaintiff's attempt to demonstrate pretext through disparate treatment, just as Burns does here. *See Ladd*, 552 F.3d at 503 ("In attempting to show pretext . . . Ladd argues that she had a clean discipline record . . . and that Richert was found guilty of other rule violations but was not terminated."). The *Ladd* court concluded that the plaintiff had not shown the differing parties were similarly situated, and that "it is within the company's business judgment to treat differently-situated parties differently." *Id*. Thus, absent "similarly situated parties," the court could not "adjudge the intent of the employer as to retaliation" and the plaintiff's attempt to demonstrate pretext through disparate treatment was deemed meritless. *Id*.

The same is true here. Burns does not indicate how he and the Caucasian officers who were not investigated, and their respective misconduct, are similar. Because he did not even attempt to do so, his claim that other officers were treated differently is not sufficient to overcome the City's stated reasons for its actions.

Because Burns has not demonstrated that the City's proffered reasons for the adverse employment actions were merely a pretext for discrimination, dismissing his Title VII retaliation claims was appropriate—even though the Court previously applied the wrong prima facie elements to those claims. Accordingly, Burns's motion for reconsideration will be denied as it relates to his retaliation claims; both state and federal. *See Lytle v. Malady*, 579 N.W.2d 906, 915 (Mich. 1998) (requiring that, under Michigan law, a plaintiff demonstrate "the employer's proffered reasons were not true reasons, but were a mere pretext for discrimination.").

**B**

The dismissal of Burns's state law claims, those that were not presented to the EEOC at least, is not similarly justified. The Court dismissed Burns's hostile work environment claims—under both Title VII and Elliot Larsen—as well as his claims concerning incidents that occurred before he filed his EEOC charge on December 29, 2009. *See* Dec. 30, 2013 Op. & Order 9, 13. These claims were dismissed because "none of the[] incidents are referenced in Burns's EEOC charge," *id*. at 13, and "allowing a Title VII action to encompass claims outside the reach of the EEOC charges would deprive the charged party of notice and would frustrate the EEOC's investigatory and conciliatory role." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). Because the Court was analyzing Burns's Elliot Larsen claims under the same rubric as his Title VII claims, when the latter were dismissed, so too were the former.

But in his motion for reconsideration, Burns emphasizes that although "exhaustion is required to bring a Title VII claim," the same is not true for state law claims under Elliot Larsen. And Burns is correct. As noted by the Michigan Supreme Court, "[u]nlike Title VII of the federal act, the Michigan Civil Rights Act does not require a plaintiff to exhaust administrative remedies before proceeding with a civil suit." *Stevens v. McLouth Steel Prods. Corp.*, 446 N.W.2d 95, 100 n.5 (Mich. 1989) (collecting cases). So, although Burns's Title VII claims were properly dismissed for the failure to exhaust, the dismissal of his state law claims for the same reason was error.

Burns also argues that the Court erred in dismissing his state law claim for race discrimination because he presented direct evidence of discrimination, although the evidence was not relevant to his Title VII claims because it was not included in his EEOC complaint. *See* Pl.'s Mot. Recon. 4 ("it was a palpable defect for the Court to suggest that direct evidence of race discrimination is irrelevant, to Plaintiff's State claim, because it was not included in his EEOC charge. Under Michigan law, Plaintiff is not legally required to include any claims in his EEOC charge."). Again, Burns is correct; he is not required by Michigan law to exhaust any claims before filing a civil lawsuit, and thus it is possible his alleged direct evidence may be relevant to his state law claims for discrimination.

It is important to note, however, that the potentially relevant direct evidence Burns advanced (Police Sergeant Anjanette Tuer's comments in March 2009), only pertains to his claims for discrimination—Tuer was not a decision-maker concerning any of the adverse actions that are allegedly retaliatory.[1] Accordingly, that this direct evidence may be relevant does not

---

[1] In fact, Sergeant Tuer was only involved with determining that Burns should be disciplined for allegedly hitting a citizen with a snow plow in December 2008, before he submitted his first complaint to the City Manager and Personnel Department on April 8, 2009. *See* Dec. 30, 2013 Op. & Order 2.

change the foregoing analysis of Burns's retaliation claims, as he has failed to demonstrate the City's proffered reasons are pretextual.

So while Burns's Title VII claims were appropriately dismissed, as well as his state law claims for retaliation, the same is not true for his state-law claims of hostile work environment and discrimination. The portion of the Court's Opinion and Order dismissing those claims, as well as the subsequent judgment, will be vacated.

Of course, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (citation omitted). Many of the problems associated with this motion for reconsideration are attributable to the distinctions between employment discrimination under federal law and employment discrimination under state law. Because a Michigan court is better suited to decide the state law issues that remain, Burns's remaining state law claims will be dismissed without prejudice to his ability to pursue those claims in state court.

### III

Accordingly, it is **ORDERED** that the City's motion for reconsideration, ECF No. 82, is **GRANTED** in part and **DENIED** in part.

It is further **ORDERED** that the December 30, 2013 judgment, ECF No. 81, is **VACATED**.

It is further **ORDERED** that the portion of the December 30, 2013 Opinion and Order dismissing Burns's state law causes of action, ECF No. 80, is **VACATED**. The portion of the December 30, 2013 Opinion and Order dismissing Burns's Title VII claims will remain in effect.

It is further **ORDERED** that Burns's claims for retaliation, both state and federal, are **DISMISSED** with prejudice.

It is further **ORDERED** that Burns's remaining state law claims are **DISMISSED** without prejudice.  This is a final order and closes the case.

Dated: April 9, 2014                                        s/Thomas L. Ludington
                                                           THOMAS L. LUDINGTON
                                                           United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 9, 2014.
                         s/Tracy A. Jacobs
                         TRACY A. JACOBS